UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

            -against-

TYRONE KING,

            Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

00 CR 1108 (RJD)

DEARIE, District Judge.

Before the Court are the following applications filed by pro se defendant Tyrone King: (1) a motion styled as arising under 18 U.S.C. § 3582(c)(2) seeking a reduction in his sentence, ECF Doc. 359; (2) an application styled as a "motion to vacate" under Rule 60(b)(6), ECF Doc. 368; (3) an application styled as a "motion to file supplement and amend" the motion to reduce sentence under 18 U.S.C. § 3582(c)(2), ECF Doc. 370; and (4) a "second motion to reduce sentence," ECF Doc. 373. For the reasons that follow, each of King's applications is denied.

## BACKGROUND

On November 20, 2002, following trial, a jury found King guilty of the following offenses: <u>Count One:</u> Racketeering, 18 U.S.C. §§1962(c) and 1963, including Racketeering Act Four, conspiracy to cause the death of Shanell Hunter; Racketeering Act Five (A), conspiracy to cause the death of Sevean Grant, and Racketeering Act Six, conspiracy to distribute and possess cocaine base; <u>Count Two:</u> Racketeering Conspiracy, 18 U.S.C. §§ 1962(c), 1962(d) and 1963; <u>Count Ten:</u> Conspiracy to Murder Shanell Hunter in Aid of Racketeering Activity, 18 U.S.C. §1959(a)(5); <u>Count Eleven:</u> Using and Carrying a Firearm for a Violent Crime, 18 U.S.C. § 924(c)(1)(A)(iii); <u>Count Twelve:</u> Conspiracy to Murder Sevean Grant in Aid of Racketeering Activity, 18 U.S.C. § 1959(a)(5); <u>Counts Fourteen, Fifteen and Sixteen:</u> Assault with a

Dangerous Weapon in Aid of Racketeering Activity, 18 U.S.C.§ 1959(a)(3); <u>Count Seventeen:</u> Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); <u>Count Eighteen:</u> Use of a Person Under the Age of 18 in Furtherance of Narcotics Distribution, 21 U.S.C. § 861(a)(1) and (b); <u>Count Nineteen:</u> Using or Carrying a Firearm for a Drug Trafficking Crime, 18 U.S.C. §924(c)(1)(A)(i); and <u>Count Twenty-One:</u> Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On September 10, 2004, the Court sentenced King to concurrent life terms on the two narcotics convictions, Counts 17 and 18.[1] Judgement was entered on January 4, 2005. The United States Court of Appeals for the Second Circuit, by decision issued as mandate on April 17, 2006, affirmed King's conviction on all counts except two (Counts 10 and 11), and remanded. ECF Doc. 277. On remand, aware of the latitude the Court then had under <u>United States v. Booker,</u> 543 U.S. 220 (2005), the Court reimposed the original sentence of life on the two narcotics counts. Among other things, the Court at that time that imposing a life sentence is something that "takes [its] breath away" and that the Court "rarely" does. Transcript of Sentencing, June 16, 2006, ECF Doc. 284 at 7. The Court disclosed that in reviewing the record and considering the factors listed at 18 U.S.C. § 3553(a), it was "looking for a way to moderate the sentence in the hope that Mr. King, as an older man, presumably less violent, can enjoy some period of time out of jail," but that the process served only to "strengthen[] [the Court's] view

---

[1] The life sentences are the subject of King's various applications. The Court also imposed terms of supervised release of five years (on Count 17) and ten years (on Count 18). The custodial terms imposed on the other counts include 240 months each on Counts 1, 2, 14 and 15 to run concurrent with each other and the life terms; 120 months each on Counts 10, 12, and 21, to run concurrent with each other and the life terms; 10 years on Count 11 to run consecutive to all other counts; and 25 years on Count 19 to run consecutive to all other counts.

that "this is one of those rare cases" requiring a life sentence. Id. at 8. In short, in the Court's appraisal, "King . . . stands as the champion of wanton violence." Id.

King appealed his resentence on the ground that it was procedurally and substantively unreasonable. The Second Circuit rejected both claims and affirmed the sentence in a summary decision. United States v. Russell, 266 Fed. App'x 23 (2d Cir. 2008); ECF. Doc. 295 (Mandate, March 14, 2008). Remarking upon "King's leadership role in a horrifically violent drug conspiracy (which tempted and corrupted the young men on who it relied for its operation)," the Circuit held that "the record assure[d] [it]" that this Court "engaged in meaningful consideration of the § 3553(a) factors." Id.

## DISCUSSION

**1. The Section 3582(c)(2) Motion for Sentence Reduction**

Section 3582(c)(2) provides, in pertinent part, as follows:

> [i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable . . .

18 U.S.C. § 3582(c)(2).

King argues that his sentencing range has been lowered by the Sentencing Commission as reflected in Amendment 782 to the Guidelines. That Amendment, effective November 1, 2014, reduces the base offense level of many drug offenses in the Drug Quantity Table at Guideline §2D1.1(c) and makes certain other adjustments, while Amendment 788 states that Amendment 782 is to be applied retroactively.

King is not eligible for an Amendment 782 sentence reduction, however, because, as

3

King already knows, his sentence was *not* based on the guidelines drug quantity tables but instead on the violent conduct for which he was responsible, including the death of Ronald Mitchell. This has all been fully spelled out to King in previous orders of this Court adjudicating the various incarnations of his recurring claim that his life sentence reflects Guideline error. See, e.g., Order entered November 3, 2014, ECF Doc. 355 (denying King's motion to "correct" PSR ¶69, holding, *inter alia*, that, "[t]o the extent King is attempting to lodge a substantive objection to the weight afforded Ronald Mitchell's death in the sentence he received, his motion is also denied as his third attempt to litigate the same question").[2] As the PSR explained and earlier orders of this Court have made clear to King, guideline section 2D1.1 was referenced because, in the course of the narcotics conspiracy of which King was convicted, Ronald Mitchell was killed under circumstances that would constitute murder.[3]

Additionally, and independently, King is not entitled to the relief he seeks because his post-Booker resentence was *not* a mandatory Guideline sentence; as the resentencing transcript reflects, before re-imposing the life sentence, the Court had already carefully weighed the non-guideline factors set forth in section 3553(a) that King's section 3582(c) motion now asks the

---

[2] The Court's November 2014 Order referenced its February 2013 Order denying King's petition for relief under 28 U.S.C. § 2255. King v. United States ,09 CV 4533, 2013 WL 530834 (E.D.N.Y. Feb. 12, 2013). There, the Court held that King's claim that the death of Ronald Mitchell was improperly considered as relevant sentencing conduct was not cognizable because the Second Circuit, denying King's appeal, had already found the same claim meritless. Id. at *3 & n. 2

[3] To reiterate: the guideline for the Count 17 narcotics conspiracy is 2D1.1; subsection (d) of 2D1.1, entitled "cross-references," provides in pertinent part that, "If a victim was killed under circumstances that would constitute murder . . . apply §2A1.1 (First Degree Murder)," which in turn is the source of the base offense level of 43 that corresponds to a sentence of life.

4

Court to consider.

## 2. The "Motion to Vacate" under Rule 60(b) (ECF Doc. 368).

Federal Rule 60(b) authorizes a court to "relieve a party... from a final judgment, order or proceeding." Fed. R. Civ. P. 60(b). Although appearing pro se, King appears to appreciate that none of the grounds specified in 60(b)(1) through (5) is even arguably applicable, and so he invokes the catch-all "any reason that justifies relief" language of 60(b)(6). While certain 60(b) motions must be made within a year, motions under 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Although King has not specified the "judgment" or "order" from which he seeks relief, the Court will assume the motion is addressed to the February 2013 order denying his application for federal habeas relief,[4] and deny the motion as patently untimely. The motion raises the following claims: (i) certain guideline calculations in the PSR were improper and counsel was ineffective in failing to challenge them (Ground I); (ii) certain instructions to the jury during his 2004 trial were flawed and counsel was ineffective for not objecting (Grounds II and III); (iii) appellate counsel was ineffective for failing to raise certain arguments during his initial appeal (Ground IV); (iv) his Double Jeopardy rights were violated because the charge of murdering Ronald Mitchell had been dismissed at the S-4 stage (Ground V); and (iv) counsel ineffectively handled the subject of the relationship between the charges and Ronald Mitchell.

---

[4] See generally Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (pro se submissions are to be "construed liberally and interpreted to raise the strongest arguments that they suggest") (internal quotation marks and emphasis omitted). The other alternative, construing King's 60(b) motion as seeking relief from the judgment of conviction, would in turn convert what he has carefully captioned a 60(b) motion into a second or successive application for federal habeas relief that the Court would have no jurisdiction to entertain until King sought and obtained permission from the Court of Appeals to pursue here.

5

None of these claims is the result of any new development in the law or recent evidentiary discoveries. All, in fact, are matters that King either has already raised in some form or that he plainly could have raised long before now in any of his many post-conviction submissions. In short, there is no basis for excusing his failure to have raised these specific claims, which all relate to the 2004 trial, 2005 appeal, and 2006 resentencing, earlier than in his 2017 Rule 60(b) motion. See, e.g., Pabon v. Maciol, 374 F. App'x 178 (2d Cir. 2010) (district court did not abuse its discretion in denying Rule 60(b)(6) motion as untimely under 60(c)(1) and declining to reach the merits, where defendant did "not provide[] any reason why he did not file his Rule 60(b) motion until almost nine months after this Court denied his petition for rehearing . . . and almost four years after the district court entered its judgment").

3. **The "Motion to File Supplement and Amend" the Motion for Sentence Reduction (ECF Doc. 370)**

Referencing his separate motion for sentence reduction under 18 U.S.C. § 3582(c)(2), King argues that he is entitled to relief under United States v. Jenkins, 854 F.3d 181 (2d Cir.), cert. denied, 138 S.Ct. 530 (2017), and Dean v. United States, 137 S.Ct. 1170 (2017). Neither decision, however, bolsters the claims in King's initial motion for sentence reduction or provides an independent basis for reducing his life sentence.

In Jenkins, the Second Circuit reversed, as substantively unreasonable, the sentence of 225 months and 25 years supervised release imposed for a conviction of transportation of child pornography, noting that "[its] review of a sentence for substantive reasonableness is governed by the factors set forth in 18 U.S.C. § 3553(a)," 854 F.2d at 187. Jenkins offers no basis to revisit or reduce King's sentence; as noted, on King's appeal the Second Circuit found his sentence to be both procedurally and substantively reasonable. Russell, 266 F. App'x 23, at *1.

In Dean, the Supreme Court held that nothing in 18 U.S.C. § 924(c) prevents a sentencing court from taking account of the mandatory minimum required by that section when determining the appropriate sentence for the predicate offense. 137 S.Ct. at 1175-79. King argues that Dean gives this Court authority to reduce his sentence from life to thirty years, but nothing in the body of the decision supports such a claim.

Finally, intertwined within his discussion of these two decisions, King appears to make two additional claims: the first is that he is entitled to a sentence reduction by virtue of Guideline Amendment 794. Amendment 794 modified the factors that a court should consider in deciding whether to apply the reduction described in guideline § 3B1.2 for "minor" or "minimal" participation in criminal activity. See generally United States v. Soborski, 708 F. App'x 6, *10-14 (2d Cir. 2017). King, however, has no colorable claim in this regard: to the contrary, as the evidence established and the Circuit affirmed, King had "a leadership role in a horrifically violent drug conspiracy." Russell, 266 F. App'x at 23.[5]

The second embedded claim is a request that this Court dismiss the 924(c) conviction (which the motion refers to as Count 21; in fact, it was Count 19). There is no legal basis for doing so.[6]

4. **The Second Motion to Reduce Sentence, ECF Doc. 373**

In this motion, King asks the Court to consider Chavez-Meza v. United States, 138 S.Ct.

---

[5] Further, Amendment 794 became effective on November 1, 2015, and its retroactive effect is limited to direct appeal. United States v. Kergil, 741 F. App'x 846, 848-49 (2d Cir. 2018).

[6] Aware of the developments in section 924(c) jurisprudence, see United States v. Davis, 2019 WL 98544 (Jan. 4, 2019) (granting *certiorari* to consider whether the definition of "crime of violence" in 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague), this branch of the motion is denied without prejudice.

7

1959 (2018), in connection with "what decision [it] choose[s] to make base[d] on Amendment 782 and 3553(a) factors." King plainly misapprehends the holding in Chavez-Meza, which speaks only to the question of whether a district court's explanation for the particular sentence imposed is adequate. See id. at 1965-68. King's reliance on this decision as authority for granting him a reduction in sentence is misplaced. The second motion to reduce sentence is therefore denied.

## CONCLUSION

For all the foregoing reasons, each of following motions filed by Tyrone King is denied: (i) the motion for a reduction in sentence, ECF Doc. 359; (ii) the motion to vacate under Rule 60(b)(6), ECF Doc. 368; (iii) the motion to supplement and amend the motion to reduce sentence, ECF Doc. 370; and (iv) the second motion to reduce sentence, ECF Doc. 373. The Court also denies as moot the motion to compel ruling, ECF Doc. 374.

SO ORDERED.

Dated: Brooklyn, New York
March /2, 2019

s/ Raymond J Dearie
_____
RAYMOND J. DEARIE
United States District Judge